IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAKARA LOVE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:25-CV-1961-D |
| | § | |
| AMAZON LOGISTICS, INC., et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action arising from a motor vehicle collision, plaintiff Shakara Love ("Love") moves for a default judgment against defendant AG Transport LLC ("AG Transport"), and defendant Ponce Ground Service, LLC ("Ponce") moves for reconsideration of the court's order under Fed. R. Civ. P 4(m) and 6(b) extending time to serve defendant Marcus Rhodes ("Rhodes"), to dismiss the complaint under Rule 12(b)(7), and, alternatively, to stay.[1]  For the reasons that follow, the court denies Love's motion for default judgment without prejudice, denies Ponce's motions for reconsideration and to dismiss, and grants Ponce's alternative motion to stay.

---

[1]There are two other pending motions that will be decided, if necessary, after the stay imposed by today's memorandum opinion and order is lifted: Ponce's April 28, 2026 motion for leave to amend its answer and to add a cross-claim against AG Transport, and the April 29, 2026 opposed motion of Amazon Logistics, Inc., Amazon.com Services, LLC, and Ponce for entry of protective order.  Responses to the motions need not be filed while the stay is in effect, and the motions are statistically terminated until returned to pending status by court order.

I

According to Love's amended complaint, in October 2023 Rhodes was driving a tractor-trailer owned by one of the defendants[2] when he made an unsafe lane change and collided with Love's vehicle, injuring Love.

Love sued Rhodes, AGT Logistics, LLC ("AGT"), and Amazon Logistics, Inc. and Amazon.com Services, LLC (collectively, "Amazon") in state court, alleging a claim for negligence against Rhodes and alleging claims for negligent entrustment, respondeat superior, negligence, and gross negligence against AGT and Amazon. Amazon removed the case to this court, and, on September 30, 2025, Love amended her complaint to add Ponce and AG Transport as defendants.

On March 2, 2026 the court ordered Love, under Rules 4(m) and 6(b), to demonstrate good cause for failing to effect service on Rhodes and AGT and to move for entry of a default and a default judgment against AG Transport. Love responded that AGT had been served on June 30, 2025, when the case was pending in state court,[3] and moved for an extension of time to serve Rhodes. On the same day, Love filed a motion for default judgment against AG Transport.

---

[2]In the amended complaint, Love alleges that AGT Logistics, LLC, Amazon Logistics, Inc., Amazon.com Services, LLC, AG Transport, and/or Ponce owned the tractor-trailer.

[3]In her response, Love also asserts that AGT "is not a proper entity in this suit, and that the correct employer for Defendant Rhodes is the similarly named AG Transport LLC, which is a different Amazon subcontractor. Consequently, Plaintiff will be nonsuiting [AGT] from this action, and proceeding [against] the correct entities." P. Resp. (ECF No. 21) at 2.

On March 17, 2026 the court granted Love's motion to extend time to complete service of process on Rhodes, ordering her to effect service no later than May 18, 2026. Regarding the motion for default judgment, the court stated: "as the court pointed out in its March 2, 2026 order, plaintiff must move for entry of a default, as well. Unless and until the clerk of court enters the default, the court will not consider entering a default judgment." Order (ECF No. 23) at 1. The following day, Ponce filed a combined motion for reconsideration of the court's order granting an extension of time to serve Rhodes, motion to dismiss Love's first amended complaint under Rule 12(b)(7), and alternative motion to stay. Love opposes Ponce's motion, which the court is deciding on the briefs, without oral argument.

## II

The court first addresses Love's motion for default judgment. Under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." "When the plaintiff fails to receive the clerk's entry of default on the operative complaint before moving for default judgment, a motion seeking default judgment has failed to satisfy Rule 55's requirements and is thus premature." *GS Holistic v. Muni Inv. Inc.*, 2025 WL 1674284, at *3 (N.D. Tex. May 16, 2025) (Rutherford, J.) (citation omitted), *rec. adopted*, 2025 WL 2218309 (N.D. Tex. Aug. 5, 2025) (Lindsay, J.).

Although the court has twice reminded Love that she must obtain a clerk of court's

- 3 -

entry of default before moving for a default judgment against AG Transport,[4] she has failed

to do so.  Accordingly, the court denies without prejudice her motion for default judgment.

III

The court now turns to Ponce's motion, beginning with its motion to reconsider the

court's order under Rules 4(m) and 6(b) granting Love an extension of time to serve Rhodes.

A

Rule 4 authorizes several methods for serving a summons.  Rule 4(m) provides:

> [i]f a defendant is not served within 90 days after the complaint
> is filed, the court—on motion or on its own after notice to the
> plaintiff—must dismiss the action without prejudice against that
> defendant or order that service be made within a specified time.
> But if the plaintiff shows good cause for the failure, the court
> must extend the time for service for an appropriate period.

"To establish good cause, a plaintiff has the burden of demonstrating 'at least as much as

would be required to show excusable neglect[.]' . . . . Simple inadvertence or mistake of

counsel or ignorance of the rules usually does not suffice.'" *Newby v. Enron Corp.*, 284 Fed.

Appx. 146, 149 (5th Cir. 2008) (per curiam) (emphasis and brackets omitted) (quoting

*Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1996)).  In

addition to good cause, "some showing of good faith on the part of the party seeking an

enlargement and some reasonable basis for noncompliance within the time specified is

normally required."  *Id.* (internal quotation marks, emphasis, and citations omitted).

---

[4]The court alerted Love to this requirement in a March 2, 2026 order and again in a March 17, 2026 order.

B

Ponce maintains that the court should reconsider its order granting Love an extension of time to serve Rhodes because Love has not acted in good faith. It contends that Love has known the identity of Rhodes since January 2024 and has provided no evidence that she has attempted to locate him; that it was within Love's control to obtain the identity of Rhodes at the scene of the accident, but she chose to leave before police arrived and without exchanging driver licenses or insurance information; and that Love "cannot now claim that she is entitled to extend the statute of limitations past two years without having made any verifiable attempts to locate Rhodes since the accident in October of 2023." D. Br. (ECF No. 24) at 6 (capitalization omitted).

C

Assuming *arguendo* that Ponce can challenge an order under Rule 4(m) extending the time for service on another defendant, the court denies Ponce's motion to reconsider.

The court has already determined that Love sufficiently demonstrated good cause for failing to timely serve Rhodes. Love explained in her March 16, 2026 motion that she

> has been unable to complete service of process on Defendant Rhodes because the entities that contracted [with] his employer have been unable to identify this individual by address or phone number and his own direct employer has thus far failed to answer this suit after being served on November 8, 2025.

P. Br. (ECF No. 21) at 4. Love's failure to remain at the scene of the accident, even if pertinent, is insufficient to defeat her showing of good cause for failing to timely serve Rhodes. The court denies Ponce's motion for reconsideration.

- 5 -

IV

Ponce next contends that Love's action should be dismissed under Rule 12(b)(7) because Rhodes is an indispensable party and Love failed to serve him or AG Transport within the limitations period.

A

Rule 12(b)(7) allows dismissal for "failure to join a party under Rule 19." Rule 19 "provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue." *HS Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003).

"Determining whether to dismiss a case for failure to join an indispensable party requires a two-step inquiry." *Hood ex rel. Miss. v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009). First, the court must decide whether the party is a necessary or required party who should be added pursuant to Rule 19(a). Under Rule 19(a), "[i]t is not feasible to join a party if . . . the party is not subject to personal jurisdiction, or if the joinder would destroy subject matter jurisdiction." *GTG Holdings, Inc. v. Amvensys Cap. Grp., LLC*, 2015 WL 4634557, at *2 (N.D. Tex. Aug. 3, 2015) (Lynn, J.) (citing Rule 19(a)). Second, if the party is a necessary party, as defined in Rule 19(a)(1), but cannot be joined because joinder is infeasible, "the court must then determine whether that person is 'indispensable,' that is, whether litigation can be properly pursued without the absent party." *Hood*, 570 F.3d at 629 (quoting *HS Res.*, 327 F.3d at 439).

Rule 19(b) specifies factors for the court to consider when making this determination.

If, after considering these factors, the court determines that the litigation cannot reasonably continue without the absent party, the absentee is deemed "indispensable," and the court should dismiss the case. *Hood*, 570 F.3d at 628-29. "Thus a Rule 12(b)(7) motion to dismiss will be granted only where there is an absent party who is both necessary and indispensable and whose joinder is infeasible." *Bobby Goldstein Prods., Inc. v. E.W. Scripps Co.*, 2023 WL 4748208, at *3 (N.D. Tex. July 25, 2023) (Fitzwater, J.).

B

The court will assume *arguendo* that Rhodes is a necessary party, as defined in Rule 19(a)(1). Nevertheless, Rule 19 is not implicated in this case because Rhodes is already named as a defendant, and there is no indication that the court will not obtain jurisdiction over him once he is properly served.[5]  *See* Rule 19(a) (requiring joinder in certain circumstances of "[a] person who is *subject to service of process* and whose joinder will not deprive the court of subject-matter jurisdiction" (emphasis added)). It is only when an absent party is necessary and *cannot* be joined that the court must determine whether the case should be dismissed under Rule 19(b). *See Bobby Goldstein Prods., Inc.*, 2023 WL 4748208, at *3.

---

[5]Love's failure to serve Rhodes and AG Transport within the limitations period may enable them to assert a statute of limitations affirmative defense. *See, e.g.*, *Ponce v. Donyor Madaminov & TJ Transp. LLC*, 2024 WL 314050, at *2 (W.D. Tex. Jan. 26, 2024) ("A Texas plaintiff who files suit within the statute of limitations period but serves the defendant after it expires must have used 'due diligence in procuring service on the defendant in order to toll the statute of limitations.'" (quoting *Saenz v. Keller Indus. of Tex., Inc.*, 951 F.2d 665, 667 (5th Cir. 1992))). But the potential availability of this affirmative defense does not deprive the court of subject matter jurisdiction or otherwise impact Love's ability to join Rhodes and AG Transport as defendants.

Accordingly, the court denies Ponce's motion to dismiss under Rule 12(b)(7).

V

Finally, the court turns to Ponce's alternative motion to stay.

A

The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Proper use of this authority "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id*. at 254-55. "[B]efore granting a stay pending the resolution of another case, the court must carefully consider the time reasonably expected for resolution of the 'other case,' in light of the principle that 'stay orders will be reversed when they are found to be immoderate or of an indefinite duration.'" *Wedgeworth v. Fibreboard Corp*., 706 F.2d 541, 545 (5th Cir. 1983) (citations omitted). "Thus, a stay must be 'so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description.'" *Id*. (quoting *Landis*, 299 U.S. at 257).

B

Ponce seeks a stay of the proceedings in this case until the Supreme Court of the United States issues a decision in *Montgomery v. Caribe Transport II, LLC*, No. 24-1238 (cert. granted Oct. 3, 2025). Ponce maintains that the forthcoming decision in that case will address whether negligence claims against freight brokers are preempted by the Federal

- 8 -

Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501(c)(1),[6] "the precise legal issue presented by [Love]'s claims against [Ponce]."  D. Br. (ECF No. 24) at 9.  Ponce also seeks a stay until the Supreme Court of Texas issues a decision in *In re Home Depot U.S.A., Inc.*, No. 25-0317 (petition filed Apr. 16, 2025), which will address "whether and to what extent a shipper or any other entity, including a freight broker such as Defendant, can be held [liable] in a motor vehicle accident involving a motor carrier's driver."  D. Br. (ECF No. 24) at 9.

Love opposes the alternative motion to stay on the following grounds: federal preemption is an affirmative defense and Ponce has neither pleaded federal preemption nor proved that Love's negligence claims are based on its role as a freight broker[7]; until Ponce establishes that it was acting in the capacity of freight broker at the time of the incident in question, "we do not know if *Montgomery* will resolve anything pertinent to this case," P. Br. (ECF No. 26) at 12; and at issue in *In re Home Depot* is whether and when a "shipper" owes a duty to an injured motorist for the actions of a commercial driver and Ponce has not established that it is a shipper, that it did not employ Rhodes, that it did not exercise any

---

[6]49 U.S.C. § 14501(c)(1) provides, in pertinent part, that a state "may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . or any motor private carrier, broker, or freight forwarder with respect to the transportation of property."

[7]On April 28, 2026 Ponce filed a motion for leave to amend its answer, *inter alia*, to assert "additional potential defenses due to the pending outcomes expected in [*In re Home Depot*] and [*Montgomery*]."  D. Mot. (ECF No. 28) at 2.  That motion is currently pending. *See supra* note 1.

control over Rhodes, and that it did not hire the driver.

C

The court in its discretion grants Ponce's alternative motion to stay. The court agrees that the Supreme Court's decision in *Montgomery* and the Supreme Court of Texas' resolution of *In re Home Depot* could bear on the outcome of this case. Regardless how these cases are decided, they likely will provide valuable guidance for the parties and the court. Once the rulings are handed down, this "case can be litigated without the risk of draining the parties' and the Court's resources, only to start over if legal contours change." *United States v. Planned Parenthood Fed'n of Am., Inc.*, 2023 WL 2491453, at *2 (N.D. Tex. Feb. 23, 2023) (Kacsmaryk, J.) (quoting *Nairne v. Ardoin*, 2022 WL 3756195, at *2 (M.D. La. Aug. 30, 2022)).

Ponce predicts that decisions in both cases are expected this summer. A stay lasting through the summer of 2026 would not be "immoderate" or "indefinite." *See Wedgeworth*, 706 F.2d at 545. And although Love opposes Ponce's alternative motion to stay, she does not contend that she will be prejudiced by a short stay in this matter. Accordingly, the court grants Ponce's alternative motion to stay the proceedings in this case and stays this case pending further court order.

*    *    *

Accordingly, for the foregoing reasons, the court denies without prejudice Love's motion for default judgment, denies Ponce's motions for reconsideration and to dismiss, and grants Ponce's alternative motion to stay. This action is stayed pending further court order.

- 10 -

Responses to Ponce's April 28, 2026 motion for leave to amend its answer and to add a cross-claim against AG Transport, and the April 29, 2026 opposed motion of Amazon and Ponce for entry of protective order need not be filed while the stay is in effect, and the motions are statistically terminated until returned to pending status by court order. *See supra* note 1.

    **SO ORDERED**.

    May 8, 2026.

                        SIDNEY A. FITZWATER
                        SENIOR JUDGE