IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SHAKARA LOVE,                              §
                                          §
                    Plaintiff,            §
                                          §
VS.                                       §    Civil Action No. 3:25-CV-1961-D
                                          §
AMAZON LOGISTICS, INC., et al.,           §
                                          §
                    Defendants.           §

MEMORANDUM OPINION
AND ORDER

Plaintiff Shakara Love ("Love") has not responded to defendant Ponce Ground

Service, LLC's ("Ponce's") motion for leave to amend answer and to add a cross- claim

against defendant AG Transport LLC ("AG Transport") or to the motion of Amazon

Logistics, Inc., Amazon.com Services, LLC (collectively, "Amazon"), and Ponce for entry

of protective order.  For the reasons that follow, the court grants both motions.

I

This removed action arises from a motor vehicle collision involving a tractor-trailer

owned by AGT Logistics, LLC, Amazon, AG Transport, and/or Ponce.  On April 28, 2026

Ponce filed a motion for leave to amend its answer and to add a cross-claim against AG

Transport.  The following day, Amazon and Ponce jointly filed an opposed motion for entry

of a protective order.  While these motions were pending, and before a response to either was

filed, the court on May 8, 2026 entered a memorandum opinion and order that, *inter alia*,

granted the alternative motion to stay filed by Ponce.  *See Love v. Amazon Logistics, Inc.*,

2026 WL 1270052, at *5 (N.D. Tex. May 8, 2026) (Fitzwater, J.).[1]

On June 15, 2026 the court lifted the stay and statistically reopened the motions for leave to amend and for entry of a protective order. The court directed the parties to file responses to these motions by July 6, 2026 and replies by July 20, 2026. On July 6, 2026 the parties filed a joint amended scheduling proposal, but, as of the date of this memorandum opinion and order, Love has not responded to the motion for leave to amend or to the motion for entry of a protective order.

II

A

Fed. R. Civ. P. 15(a) governs timely-filed motions for leave to amend a pleading.[2] Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971). Granting leave to amend, however, "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington*

_____

[1]Ponce's motion sought to stay the proceedings in this case until the Supreme Court of the United States issued a decision in *Montgomery v. Caribe Transport II, LLC*, No. 24-1238 (cert. granted Oct. 3, 2025), and the Supreme Court of Texas issued a decision in *In re Home Depot U.S.A., Inc.*, No. 25-0317 (petition filed Apr. 16, 2025). *See Love*, 2026 WL 1270052, at *4.

[2]Under the court's September 5, 2025 scheduling order, the deadline for filing motions for leave to amend pleadings is August 28, 2026. In an amended scheduling order filed today, that deadline is continued to October 1, 2026.

*v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)). "In deciding whether to grant leave to amend, the court may consider factors such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Baxter v. Hastings*, 2022 WL 16701939, at *3 (N.D. Tex. 2022) (quoting *Wimm*, 3 F.3d at 139)

## B

In support of its motion, Ponce contends that, since it originally answered, it has discovered new information and become aware of additional potential defenses that it wants to add; that it also wants to assert a cross-claim against AG Transport with respect to contractual claims for defense and indemnity and a claim for contribution for any liability that may arise from this lawsuit; and that the motion is not the result of undue delay, bad faith, or dilatory motive on the part of Ponce. It also contends that, because discovery remains open until August 28, 2026 (the deadline is actually October 1, 2026 under the amended scheduling order filed today) and trial is not set to take place until February 1, 2027, plaintiff will not be prejudiced by the amendment. As noted, Love has not responded to Ponce's arguments.

Having considered the relevant factors, the court concludes that leave should be granted. Ponce sought leave to amend before the court-ordered deadline. "When, as here, [a] part[y] file[s] a motion for leave to amend by the court ordered deadline, there is a 'presumption of timeliness.'" *Carmack v. Park Cities Healthcare, LLC*, 2017 WL 6025264,

- 3 -

at *2 (N.D. Tex. Dec. 5, 2017) (Fitzwater, J.) (quoting *Poly-Am., Inc. v. Serrot Int'l, Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.)).  The court in entering its scheduling order presumptively determined that a motion filed before the deadline for seeking amendments to pleadings would not be deemed dilatory.  And nothing in the record persuades the court that this presumption of timeliness has been rebutted in this case.  Moreover, by failing to respond to Ponce's motion, Love has failed to demonstrate undue prejudice or futility of amendment.

Accordingly, Ponce's April 28, 2026 motion for leave to file amended answer is granted.  The court directs the clerk of court to file Ponce's amended answer [to plaintiff's first amended complaint] and cross-claim against AG Transport, which is attached to its motion.

### III

The court next turns to the motion for protective order filed by Amazon and Ponce.

### A

Rule 26(c) provides, in pertinent part: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"  "Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that '[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (per curiam) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326

n.3 (5th Cir. 1978)).

B

Amazon and Ponce have demonstrated good cause for entry of a protective order. They contend that, in order to defend this action, they will be compelled to disclose proprietary, sensitive, and confidential information[3]; that the protective order they request will prevent Love and her counsel from disseminating or sharing the designated confidential information with any third parties; and that Love will not be prejudiced by the entry of a confidentiality order. And as noted, Love has not responded to any of these arguments.

Accordingly, Amazon and Ponce's April 29, 2026 motion for entry of protective order is granted, and they are directed to submit their proposed protective order—in modifiable Word or WordPerfect format—to Fitzwater_Orders@txnd.uscourts.gov—within 7 days of the date of this memorandum opinion and order.

*   *   *

For the reasons explained, the court grants Ponce's motion for leave to amend answer and to add a cross-claim against AG Transport and grants Amazon and Ponce's motion for entry of a protective order.

---

[3]They maintain that Amazon considers its contractual agreements and information related to carriers confidential and that Ponce is engaged in freight brokering for Amazon and its related agreements and business operations are also highly sensitive and confidential in nature.

**SO ORDERED**.

July 27, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE